UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br>v.<br><br>ARCADIO NIETO (4),<br><br>                          Defendant. | Case No.: 09CR0710-JLS<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO REQUEST SENTENCING TRANSCRIPTS**<br><br>**[ECF No. 680]** |

Pending before the Court is Defendant Arcadio Nieto's Motion to Request Sentencing Transcripts (ECF No. 680). Defendant, a prisoner in federal custody, seeks a copy of his sentencing transcript[1] without cost and indicates that the transcript is necessary because he is filing a habeas corpus petition pursuant to 28 U.S.C. § 2241 to challenge the Bureau of Prisons' calculation of his sentence.

Defendant was sentenced by this Court on March 25, 2011 to a term of imprisonment of 240 months' imprisonment and 3 years of supervised release. ECF No. 348. This sentence was imposed upon a joint recommendation by the parties pursuant to a plea

---

[1] No transcript of Defendant's sentencing hearing has been prepared, thus it is not currently available on the Court's docket.

1

agreement. ECF No. 234. Thus, there appears to be little to dispute about the length or terms of the sentence imposed, and those facts are readily demonstrated by the judgment of conviction. The Court fails to appreciate why the sentencing transcript would be necessary to decide any issue which may be presented in the habeas petition. The Court notes that "it is the administrative responsibility of the Attorney General, the Department of Justice, and the Bureau of Prisons to compute sentences and apply credit where it is due. It is not the province of the sentencing court." *United States v. Martinez*, 837 F.2d 861, 865-66 (9th Cir.1988) quoting *United States v. Clayton*, 588 F.2d 1288, 1292 (9th Cir. 1979). Thus, it is improbable that any comments made about sentence calculation or credits during the sentencing hearing would be helpful to Defendant in his habeas proceeding.

In any event, statutory authority appears to provide for transcripts without cost in habeas corpus proceedings only "to persons allowed to sue, defend, or appeal in forma pauperis." *See* 28 U.S.C. §§ 753(f)[2] and 2250.[3] Defendant makes no showing that he has been permitted to proceed in forma pauperis with regard to any pending habeas corpus proceeding, thus his motion for sentencing transcripts is **Denied without prejudice**.

IT IS SO ORDERED.

Dated: February 1, 2023

Hon. Janis L. Sammartino
United States District Judge

---

[2]   …"Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes."

[3]   "If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending."